## SUPREME COURT.

Troy and Rutland R. R. Co. agt. Cleveland and nine others.

On the appointment of commissioners to appraise the damages to the owner of lands to be taken for a Rail Road (*Laws of* 1850, *ch.* 140, § 14, 15, 16), the parties whose lands are to be appraised, or their attorneys, may in case they appear, name six persons, and the company a like number, but *each* owner is not entitled to name six persons.

The court appoint five of the persons so named, as commissioners (§ 15), who may appraise all the lands proposed to be taken in the county.

And § 16 contemplates a succession of appraisals by the same commissioners. And one report may embrace all the cases.

The court has the power, and may fill more than one commission, when good cause is shown.

*Washington Special Term, June* 1851.

J. H. McFarland, moved for the appointment of commissioners to ascertain and appraise the compensation to be made to Cleveland and nine others, owners of lands in the town of Salem,

Troy and Rutland Rail Road Co. agt. Cleveland and others.

proposed to be taken by the Troy and Rutland Rail Road Co. for the purposes of their road.

M FAIRCHILD, for the land owners, insisted that as it appeared they owned the lands separately and none of them had a joint interest in the same parcel, *each* owner should be allowed to name six persons as commissioners of apppraisal.

HAND, Justice.—The statute authorizes a joint commission comprehending all the land owners embraced in one petition (*Laws of* 1850, *ch.* 140, § 14, 15, 16). There is nothing in § 14 that prevents several owners being included in one petition; and by § 15, the court appoint five persons to " ascertain and appraise the compensation to be made to the owners or persons interested in the real estate proposed to be taken in such county for the purposes of the company, &c. And the parties whose lands are to be appraised, or their attorneys may, in case they appear, name six such persons, and the company a like number," &c. Section 16 also sustains this view of the statute. The commissioners are to " view the premises described in the petition, and hear the proofs and allegations of the parties and reduce the testimony, if any is taken by them, to writing, and after the testimony is closed in each case, and without any unnecessary delay, and before proceeding to the examination of any other claim," they are to ascertain and determine the compensation to be made for the land appraised by them. Thus by § 15, five persons may appraise all proposed to be taken in the county, and § 16 evidently contemplated a succession of appraisals by the same commissioners. I think one report may also embrace all the cases, and that any person interested and made a party, can appeal from such parts thereof as affect him.

It would be very burdensome if entire proceedings and a complete set of commissioners for every piece of land, or for every distinct interest were necessary. I think the court has jurisdiction, whatever number of parcels may be included, and perhaps has power to fill more than one commission when good cause therefor is shown. But if so, that should not be done unless clearly necessary. Ordered accordingly.